IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ABDULAZEEM OMOTOSHO, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> KARIN HAHN, *et al.*, <br><br> *Defendants.* | Civil No. 1:26-cv-00607-JRR |

**MEMORANDUM AND ORDER**

Pending before the court is *pro se* Plaintiffs AbdulAzeem Omotosho and Ernestine Korto Jones' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2; the "Motion"). No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.   Background**

Plaintiffs initiated the instant action on February 13, 2026.[1] (ECF No. 1.) Plaintiffs bring this action against Karin Hann, Hanna McWilliams, Shandra Carr, Julia Kilduff, and Daniel Donlick, officials of Harford County, Maryland's Department of Social Services, and a lawyer seemingly representing same, alleging violations of their rights under First, Fourth, and Fourteenth Amendments, as well as Article 37 of the Vienna Convention. *Id.* at pp. 2–3. The alleged violations arise from Plaintiffs' assertion that Defendants "knowingly and maliciously labeled the minor child . . . as 'medically fragile' on [Harford County Department of Social Service] internal records," and that determination was then "used as the primary basis for state intervention and the deprivation of Plaintiffs' parental rights." *Id.* at p. 4.

---

[1] Though filed on February 13, 2026, the case was opened in this court on February 18, 2026. (ECF No. 1.)

Contemporaneously with the filing of their Complaint, Plaintiffs filed the instant Motion, asking this court "stay all proceedings" in "*HCDSS v. Omotosho*," Case No. C-12-JV-25-00314, which, from the allegations, appears to be an ongoing child custody or family law proceeding.[2] (ECF No. 2 at p. 2.)

## II.     Legal Standard

"A preliminary injunction is 'an extraordinary remedy' that 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 209 (4th Cir. 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (noting that "a preliminary injunction is 'an extraordinary remedy never awarded as of right'"). As such, preliminary injunctive relief is to be "granted only sparingly and in limited circumstances." *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, 566 F. Supp. 3d 327, 351 (D. Md. 2021), *aff'd*, No. 21-2158, 2021 WL 6502219 (4th Cir. Nov. 3, 2021), and *aff'd*, No. 21-2206, 2021 WL 6502220 (4th Cir. Nov. 13, 2021) (quoting *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)).

A plaintiff seeking preliminary injunctive relief "must establish that 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm absent preliminary relief; 3) the balance of the equities favors the requested injunctive relief; and 4) that relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). These factors were established by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). "[P]laintiff bears the burden of establishing that each of these

---

[2] Plaintiffs also ask the court to enjoin further home visits by Defendants, which appears to similarly relate to the ongoing state court proceeding. (ECF No. 2 at p. 2.)

factors supports granting the injunction." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citing cases); *see St. Michael's Media, Inc.*, 566 F. Supp. 3d at 351 (same).

### III.    Analysis

At issue here, "[f]ederalism, a fundamental principle under our Constitution, requires that federal courts respect the sovereignty of their state counterparts. One way federal courts do this is through the doctrine of abstention." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022). "The Supreme Court in [*Younger v. Harris*] articulated the 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (quoting *Younger v. Harris*, 401 U.S. 37, 41 (1971)). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). At issue here, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979).

"When the state proceedings (1) constitute an ongoing state judicial proceeding, (2) implicate important state interests, and (3) provide an adequate opportunity for constitutional challenges to be raised, *Younger* abstention is appropriate."[3] *Nandawula v. Child Protective Servs.*, No. CV TDC-20-3733, 2021 WL 5961148, at *3 (D. Md. Dec. 16, 2021) (citing *Middlesex Cnty.*, 457 U.S. at 432). As this previously explained by this court:

> In [*Moore v. Sims*], the United States Supreme Court held that a federal district court should have applied *Younger* abstention to refrain from hearing claims that ongoing state juvenile court

---

[3] "*Younger* identifies three exceptions to the court's duty to abstain: (1) 'bad faith or harassment' by state officials responsible for the prosecution; (2) a statute that is 'flagrantly and patently violative of express constitutional prohibitions'; and (3) other 'extraordinary circumstances' or 'unusual situations.'" *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022) (quoting *Younger v. Harris*, 401 U.S. 49–54 (1971)). Based on the preliminary record and allegations currently before the court, the court is not satisfied that any of these exceptions to exists.

3

> proceedings involving custody of children violated the United States Constitution. *Moore*, 442 U.S. at 418, 435. Noting "a strong federal policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff," the Court held that *Younger* abstention should apply in such circumstances if there was an "adequate opportunity to raise the constitutional claims" in the state court proceedings. *Id.* at 423, 430.

*Id.* at *4.

Against this backdrop, the court is not persuaded that Plaintiffs have made a clear showing that they are likely to succeed in showing they are entitled to an order of this court staying their underlying child custody or family law state court proceeding. These matters are a "traditional area of state concern," *see Moore*, 442 U.S. at 435, *supra*, and beyond a cursory allegation of "judicial bias" related to delay in receiving a transcript, Plaintiffs have not alleged facts to support that they lack an adequate opportunity to assert their constitutional challenges, at least as they pertain to the requested relief that is at issue in the Motion, in the state court proceeding.

Courts in this circuit have routinely found similarly that *Younger* abstention is necessary where the plaintiffs sought to challenge ongoing state court family law and custody proceedings. *See, e.g.*, *Betts v. Armstrong*, No. 1:25CV341, 2025 WL 1436051, at *4 (M.D.N.C. May 5, 2025), *report and recommendation adopted,* 2025 WL 1435105 (M.D.N.C. May 19, 2025), *aff'd,* No. 25-1607, 2025 WL 2438193 (4th Cir. Aug. 25, 2025) (finding *Younger* abstention applicable to plaintiff's claims and requests for relief as to a child custody proceeding); *Godfrey v. Moss*, No. 7:2 5-CV-3784-TMC, 2025 WL 3012326, at *1 (D.S.C. Oct. 28, 2025) (finding that, where plaintiff challenged ongoing family court proceedings relating to custody, "*Younger* abstention is clearly appropriate"); *Nandawula*, 2021 WL 5961148, at *4, *supra*; *Gordon v. Croutch*, No. 1:20-CV-00801, 2021 WL 5238209, at *4 (S.D.W. Va. Jan. 20, 2021), *report and recommendation adopted sub nom.*, 2021 WL 4465940 (S.D.W. Va. Sept. 29, 2021) (finding *Younger* abstention

4

necessary where plaintiff's claims related to a child custody proceeding); *C.C.S. v. Child Protective Servs. of Orange Cnty.*, No. 1:11CV81, 2011 WL 1325125, at *2 (M.D.N.C. Apr. 7, 2011) (same).

Against the foregoing backdrop, the court is not persuaded Plaintiffs are likely to succeed on the merits of their claims as to their entitlement to the relief sought—this court's intervention in the ongoing state court proceeding. Plaintiffs fail to meet the standard for a temporary restraining order (and preliminary injunction) pursuant to Rule 65.

IV.   Order

For the reasons set forth above, it is this 19th day of February 2026,

**ORDERED** that the Motion (ECF No. 2) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this memorandum and order to Plaintiffs.

/S/
_____
Julie R. Rubin
United States District Judge